**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DERRICK SUTTON, # B-34675,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **Case No. 12-cv-1241-JPG** |
| ) | |
| **LARSON, GARY GERST,** ) | |
| **PADILLA, NICK NALLEY,** ) | |
| **LISA ASBURY, MINER,** ) | |
| **LT. ROBINSON, MILLER,** ) | |
| **IDOC HEALTH CARE EMPLOYER,** ) | |
| **DURBIN, and STAFF,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at Lawrence Correctional Center ("Lawrence"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was confined in the Big Muddy River Correctional Center ("BMRCC"). Plaintiff is currently serving a seven year sentence for possession of a stolen vehicle. Plaintiff claims that Defendant Larson, a physician, was deliberately indifferent to a serious medical condition. He also alleges that he was wrongly placed in segregation and lost good conduct credits, he was retaliated against by staff, he received no response to his grievances, and over $200 worth of his property was lost or stolen.

In his complaint, Plaintiff states that after his transfer to BMRCC, Defendant Larson failed to refill his prescription medications (Doc. 1, p. 6). As a result, Plaintiff went without treatment for his chronic condition for an unspecified period of time (Doc. 1, p. 8). Plaintiff attaches 52 pages of exhibits; only from those documents can it be gleaned that Plaintiff suffers

from diabetes and severe acid reflux (Doc. 1-1, pp. 45-46; 50-52).

The complaint contains no other specific factual allegations regarding the segregation, grievance, or property claims (Doc. 1, p. 6-9).  As to the retaliation claim, Plaintiff states only that he was "continually placed/housed with difficult troubled cell-mates" (Doc. 1, p. 7).  He does not identify which of the named Defendants was responsible for any of these unconstitutional actions.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Larson for deliberate indifference to a serious medical need (Count 1).  However, the complaint fails to state a claim upon which relief may be granted for wrongful segregation (Count 2), retaliation (Count 3), failure to respond to grievances (Count 4), or loss/theft of property (Count 5).  These claims, and the remaining Defendants, shall be dismissed.

In reference to the medical deliberate indifference claim (Count 1), Plaintiff mentions Defendant Gerst (a physician's assistant) (Doc. 1, p. 8).  However, he never describes what personal involvement, if any, Defendant Gerst had in the failure to provide his prescription medications.  In order to be held individually liable in a civil rights case, a defendant must be "personally responsible for the deprivation of a constitutional right."  *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Merely invoking the name of a potential defendant, as Plaintiff has done with Defendant Gerst, is not sufficient to state a claim against that individual.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).  Accordingly, Defendant Gerst will be dismissed from this action without prejudice.

Plaintiff's claim that he was improperly punished with segregation and a revocation of good conduct credits (Count 2) is completely devoid of facts. He never describes any flaws in the disciplinary proceedings that might give rise to a due process claim, nor does he indicate the length or conditions of his segregation. *See Wolff v. McDonnell*, 418 U.S. 539 (1974); *Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697-98 (7th Cir. 2009). He fails to connect any of the named Defendants to this claim. A plaintiff fails to state a claim upon which relief can be granted if his complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, a court "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff has run afoul of both of these principles, thus Count 2 shall be dismissed without prejudice.

Further, Plaintiff should take note that the proper method to seek restoration of good conduct credits in federal court is through a habeas action pursuant to 28 U.S.C. § 2254. However, a federal habeas petition will only be considered after Plaintiff has first exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey,* 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *See Turner-El v. West*, 811 N.E.2d 728, 733 (Ill. App. 2004) (citing *Taylor v. Franzen*, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981)). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 Illinois Compiled Statutes 5/14-101 *et seq.*, to consider the merits of Plaintiff's claim.

Plaintiff's retaliation claim (Count 3) is similarly lacking in factual allegations. No responsible Defendants are identified, nor does Plaintiff mention what protected activity on his

part prompted the retaliatory acts.  *See Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  This claim shall also be dismissed without prejudice.

Count 4, regarding prison officials' failure to respond to Plaintiff's grievances, suffers from the same flaws in that no Defendants are named and Plaintiff's conclusory statements are unsupported by factual allegations.  However, the dismissal of this claim shall be with prejudice. Even if Plaintiff had included more factual information, prison officials' failure to follow their own grievance procedure will not give rise to a constitutional claim.  Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause per se.  As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim."  *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011).  *See also Grieveson v. Anderson*, 538 F.3d 763, 772 n.3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996).

Count 5, regarding the loss or theft of Plaintiff's property, will also not amount to a constitutional claim.  Plaintiff has the right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law.  However, to state a claim under the due process clause of the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, Plaintiff has no civil rights claim.  *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims.  *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT.

505/8 (1995).  Therefore, Count 5 shall be dismissed without prejudice to Plaintiff bringing his claim in state court, should he wish to do so.

Finally, Defendants Padilla, Nalley, Asbury, Miner, Robinson, Mr. Miller,[1] Ms. Miller, Durbin, Wexford Health Care (identified on the docket sheet as "IDOC Health Care Employer"), and Debbie Isaacs[2] shall be dismissed from this action without prejudice.  Plaintiff lists these parties as Defendants (Doc. 1, pp. 2-4), but fails to mention them elsewhere in the body of the complaint in connection with any of his claims.  Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2).  Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.  And, as noted above, merely invoking the name of a potential defendant is not sufficient to state a claim against that party.  *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998).

## Pending Motion

Plaintiff's motion for appointment of counsel (Doc. 4) shall be referred to United States Magistrate Judge Frazier for further consideration.

## Disposition

The Clerk is **DIRECTED** to add the following party Defendants to this action:  **MS.**

---

[1] Plaintiff lists both a "Mr. Miller" (internal affairs officer) and a "Ms. Miller" (counselor) as Defendants (Doc. 1, p. 4).  However, only Mr. Miller was included on the docket sheet for this case.  The Clerk shall be directed to correct the error.

[2] Debbie Isaacs (HCU Administrator) was listed only in the caption of Plaintiff's complaint.  Her name was inadvertently omitted from the docket sheet and she shall be added as a party.

MILLER (Counselor) and **DEBBIE ISAACS** (HCU Administrator).  The Clerk is **DIRECTED** to correct Defendant **IDOC HEALTH CARE EMPLOYER** to **WEXFORD HEALTH CARE**, as described by Plaintiff in the complaint.  The Clerk shall **TERMINATE** Defendant **STAFF** from the action, as this entry was made in error; this party was not listed in the complaint.

**COUNTS 2, 3, and 5** are dismissed without prejudice for failure to state a claim upon which relief may be granted.  **COUNT** 4 is dismissed with prejudice for failure to state a claim upon which relief may be granted.  Defendants **GERST, PADILLA, NALLEY, ASBURY, MINER, ROBINSON, MR. MILLER, WEXFORD HEALTH CARE, DURBIN, MS. MILLER,** and **ISAACS** are **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **LARSON**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Philip M. Frazier** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Frazier** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 36(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court

and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

      **IT IS SO ORDERED.**

      **DATED:** January 11, 2013

                                           s/ J. Phil Gilbert
                                         United States District Judge