IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DERRICK SUTTON, B34675,** | ) |
| | ) |
| **Plainiff,** | ) |
| | ) |
| vs. | ) Case No. 3:12-cv-01241-JPG-PMF |
| | ) |
| **LARSON,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is the plaintiff's Motion for Transfer (Doc. 58). Plaintiff's motion for a transfer will be construed as a request for preliminary injunctive relief, and the request for a stay will be addressed in a separate order. This Report and Recommendation is filed without holding a hearing on the motion. See Fed. R. Civ. P. 65, *People of State of Ill. ex rel. Hartigan v. Peters*, 871 F.2d 1336, 1342 (7th Cir. 1989). For the following reasons it is RECOMMENDED that plaintiff's motion be DENIED.

Plaintiff's one page motion requests that he would like to be transferred out of Lawrence Correctional Center. Plaintiff states that some of his personal property was lost when he was transferred from Big Muddy to Lawrence in 2012, and the property has yet to be returned to him. Plaintiff has also not received a job, is having a hard time getting legal work done, and he feels that he has been "blackballed." Furthermore, plaintiff fears for his safety because he occasionally sees Big Muddy River Correctional Center staff whom he filed suit against.

To obtain a preliminary injunction the plaintiff must demonstrate that: (1) he is reasonably likely to succeed on the merits, (2) there is no adequate remedy at law, (3) if the injunction is not granted he will suffer irreparable harm, (4) the irreparable harm he will suffer outweighs the harm to the defendants if the injunction is granted, (5) and the injunction will not harm the public interest.

*Joelner v. Vill. of Washington Park, Illinois*, 378 F.3d 613, 619 (7th Cir. 2004). Preliminary injunctive relief with respect to prison conditions is to be narrowly drawn, extend no further than necessary to correct the harm and be the least intrusive means necessary. 18 U.S.C. § 3626(a)(2). Plaintiff has the burden of proof to make a clear showing that he is entitled to preliminary injunctive relief. *Goodman v. Illinois Dep't of Fin. and Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005).

Here, plaintiff has not made a clear showing that he is entitled to preliminary injunctive relief. Plaintiff is proceeding in this case on an Eighth Amendment deliberate indifference to serious medical needs claim, and the only defendant is Larson. The mere fact that he has seen some of the individuals he filed suit against does not provide a sufficient basis for injunctive relief. Also, plaintiff has not demonstrated that he will suffer irreparable harm if his property issues are not immediately resolved. Plaintiff has thus failed to demonstrate that he is reasonably likely to succeed on the merits or that he would suffer irreparable harm absent injunctive relief. A preliminary injunction is therefore improper. Finally, if Plaintiff believes state or federal laws were violated as a result of recent events, he may exhaust administrative remedies (to the extent they are available) and bring suit for damages under 42 U.S.C. § 1983 or in the Illinois Court of Claims.

SO ORDERED.

DATED: January 8, 2014.

*/s/ Philip M. Frazier*
PHILIP M. FRAZIER
UNITED STATES MAGISTRATE JUDGE