IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DERRICK SUTTON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 12-cv-01241-JPG-PMF |
| | ) |
| LARSON, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the court on the Report and Recommendation ("R & R") (Doc. 78) of Magistrate Judge Philip M. Frazier with regard to Defendant Dr. Dennis Larson's Motion for Summary Judgment (Doc. 59). Plaintiff filed a Motion to Reconsider (Doc. 79) which the Court construes as objections to the R & R.

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. The Court has discretion to conduct a new hearing and may consider the record before the magistrate judge anew or receive any further evidence deemed necessary. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). As Plaintiff's Motion to Reconsider is being construed as objections, the Court will review the R & R *de novo*.

The Plaintiff argues that summary judgment is not appropriate since the ". . . evidence shows how medical care was intentionally denied and delayed under the direct jurisdiction of the defendant." He further argues that since his claim survived 28 U.S.C. 1915A review, it ". . .

shows a claim against Defendant Larson" and that Plaintiff would not been allowed to proceed unless the claim was valid.

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Spath v. Hayes Wheels Int'l-Ind., Inc.*, 211 F.3d 392, 396 (7th Cir. 2000). The reviewing court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Chelios v. Heavener*, 520 F.3d 678, 685 (7th Cir. 2008); *Spath*, 211 F.3d at 396.

The Eighth Amendment's prohibition on the unnecessary and wanton infliction of pain forbids deliberate indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Johnson v. Snyder*, 444 F.3d 579, 584 (7th Cir. 2006); *Zentmyer v. Kendall Co.*, 220 F.3d 805, 810 (7th Cir. 2000). To prevail on such an Eighth Amendment claim, a prisoner must show (1) that he had an objectively serious medical need and (2) that the official knew that the medical need was serious but disregarded it. *Johnson*, 444 F.3d at 584; *Zentmyer*, 220 F.3d at 810.

An objectively serious injury or medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Johnson*, 444 F.3d at 584-85 (quotations omitted). A serious medical condition need not be life-threatening, but it should constitute "a denial of the minimal civilized measure of life's necessities." *Johnson*, 444 F.3d at 585 (quotations omitted).

An official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Johnson*, 444 F.3d at 585 ("The standard requires that an officer have 'subjective awareness' of the serious medical need and then act with indifference to that need."). "Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed." *Chapman v. Keltner*, 241 F.3d 842, 845-46 (7th Cir. 2001) (citing *Estelle*, 429 U.S. at 104-05). It can also arise where a treatment decision was a "substantial departure from accepted professional judgment, practice, or standards," *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-62 (7th Cir. 1996), or was "so far afield of accepted professional standards as to raise the inference that it was not actually based on a medical judgment," *Norfleet v. Webster,* 439 F.3d 392, 396 (7th Cir. 2006). However, a mere difference of opinion by medical professionals as to the way a medical problem should be treated, while it may lead to an inference of negligence, does not give rise to an inference of deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Pardue*, 94 F.3d at 261.

Further, under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of a complaint to ensure that it is not frivolous, malicious or fails to state a claim on which relief may be granted. However, a claim that survived 28 U.S.C. § 1915A review may still be subject to summary judgment.

As stated in the R & R, when Plaintiff mentioned to Dr. Larson that he was suffering from acid reflux at the chronic clinic on January 10, 2012, Dr. Larson told Plaintiff to fill out a sick call slip. The Plaintiff complied and was seen by a nurse the next day. He was prescribed Tums, Maalox, and an order was entered for a stomach bacteria test. Plaintiff's next contact with Dr. Larson was on January 31, 2012, at which time Dr. Larson prescribed him the Prilosec.

Plaintiff received consistent care for his acid reflux disease.  Further, the several weeks in which Plaintiff was without Prilosec in May of 2012 does not demonstrate that Dr. Larson was deliberate indifferent to Plaintiff's medical needs.

The Court agrees with the Magistrate Judge that Plaintiff claim falls short of an Eight Amendment Violation.  Plaintiff has failed to show that Defendant Larson disregarded an excessive risk to his health and safety by failing to immediately prescribe the Plaintiff Prilosec.

Accordingly, the Court hereby **ADOPTS** the Report and Recommendation (Doc. 78) in its entirety and **GRANTS** Defendant Dr. Dennis Larson's Motion for Summary Judgment (Doc. 59).  The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:**   4/2/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**